LONG SYRUP REFINING CO. v. CORN PRODUCTS REFINING CO.

(Circuit Court of Appeals, Ninth Circuit. February 5, 1912.)

No. 2,009.

1. SALES (§ 1*)—ESSENTIALS OF CONTRACT—MUTUALITY.

A contract obligating one of the parties to sell to the other in case the latter chose to buy was void for want of mutuality.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1, 3–5; Dec. Dig. § 1.*]

2. SALES (§ 78*)—CONTRACT—CONSTRUCTION—PRICE.

A circular letter was sent out by a refining company to a customer offering to pay a rebate on all glucose bought during a certain period on condition that the customer bought exclusively from the refining company all such glucose required. The customer wrote back, accepting this offer on condition that the prices of competitors would be met. The refining company replied that it would make no condition as to competitive prices, and that the proposition was purely a voluntary act on the part of the buyer. Held, that the refining company's offer did not imply a condition that the glucose would be sold at a reasonable price.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 206; Dec. Dig. § 78.*]

In Error to the Circuit Court of the United States for the Northern District of California.

Action by the Corn Products Refining Company against the Long Syrup Refining Company. Judgment for plaintiff, and defendant brings error. Affirmed.

The defendant in error was plaintiff in the court below, where it brought the action to recover of the plaintiff in error a balance of $2,059, alleged to be due it for certain glucose sold and delivered to the defendant by the plaintiff during the months of January and March, 1908.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

193 F.—59

The defendant to the action by its answer denied that there was any balance due the plaintiff from it, and, in addition to that denial, set up as a separate answer and counterclaim these facts: That in the month of November, 1906, the plaintiff made the offer and agreement to and with the defendant that, if the defendant would thereafter purchase glucose from the plaintiff exclusively, the latter, in consideration thereof, would share with the defendant its profits, offering and promising to pay the defendant on the 31st day of December, 1907, 10 cents for each 100 pounds of all glucose that the defendant would buy from the plaintiff during the period beginning July 1, 1906, and ending December 31, 1906, provided the defendant would buy from the plaintiff at its reasonable value all glucose used by it during that period and also during the year 1907; that the plaintiff further offered and agreed to continue to share its profits with the defendant annually thereafter in consideration of the defendant's purchasing its glucose exclusively from the plaintiff; that, in consideration of that offer and agreement, the defendant did purchase from the plaintiff all of the glucose used by it from July 1, 1906, to December 31, 1907; that, pursuant to the plaintiff's promise to continue to share its profits, it promised and agreed with the defendant that, if the latter would buy from the plaintiff all of the glucose it would use during the year 1908, and would pay therefor the reasonable value thereof, the plaintiff would on the 31st day of December, 1908, pay the defendant 15 cents for each 100 pounds of glucose purchased of the plaintiff by defendant during the year 1907, and would make such payment on the 31st day of December, 1908; that during the year 1907 the defendant purchased from the plaintiff 1,245,406 pounds of such glucose, and that 15 cents for each 100 pounds thereof amounts to the sum of $1,868.11; that during the months of January and March the defendant ordered from the plaintiff certain shipments of glucose, aggregating over 250,000 pounds, which were delivered to the defendant by the plaintiff, and that the plaintiff charged and demanded from the defendant therefor about 30 cents a hundred pounds in excess of its reasonable value; that the plaintiff refused to sell the said 250,000 pounds at its reasonable value or market price; that the repeated exaction of unreasonble and excessive charges by the plaintiff forced the defendant, in order to meet competition in its products, to buy the glucose needed by it from others, which it did at a price greatly below that charged by the plaintiff, by reason of which action on the part of the plaintiff the defendant was prevented from purchasing glucose exclusively from the plaintiff during the remainder of the year 1908, and was thereby damaged in the sum of $1,868.11, no part of which was paid or allowed to the defendant by the plaintiff.

Further answering, and by way of counterclaim, the defendant alleged in its answer that prior to the commencement of the action, and within two years then last past, the plaintiff became possessed of $1,868.11 belonging to the defendant, which it had theretofore received to and for the use and benefit of the defendant, no part of which had been paid.

The prayer of the answer was that the plaintiff take nothing by the action, and that the defendant recover costs.

The case was tried with a jury, and, upon the conclusion of the evidence, the court, at the plaintiff's request, instructed the jury to return a verdict for the plaintiff, which was done, and, judgment for the plaintiff following, the case is brought here by the defendant upon writ of error, on an exception taken by it to that instruction.

Cushing & Cushing, for plaintiff in error.

Pillsbury, Madison & Sutro (Alfred Sutro, of counsel), for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge (after stating the facts as above). On the trial it having been admitted on behalf of the defendant that $2,059 worth of glucose had been sold to it by the plaintiff, and that, unless

the defense set up was sufficient, the plaintiff was entitled to a verdict, the sole question for consideration is the sufficiency of that defense. In support of it, the defendant introduced in evidence certain circular letters issued by the plaintiff and received by the defendant, and certain subsequent letters passing between the parties in relation thereto. Evidence was also introduced going to show that the defendant did not buy all the glucose it used during the year 1908 from the plaintiff, but that during that year it bought a considerable portion of it from other parties at less prices than those asked therefor by the plaintiff; the contention of the defendant being, as stated by its counsel in this court:

"That the Corn Company by its offers obligated itself to sell glucose to the Syrup Company during all the year 1908 at a reasonable price if the Syrup Company chose to buy from it; that, as it did not sell at a reasonable price, the Syrup Company was justified in buying elsewhere, and at the same time was entitled to recover from the Corn Company the amount of the rebate for the purchases made in 1907 that it would have received if it had purchased exclusively from the Corn Company during all of the year 1908."

[1] The gist of the defense, therefore, was that the plaintiff in the action had obligated itself to sell glucose to the defendant during the period mentioned at a reasonable price, if the defendant chose to buy it from the plaintiff. In other words, that the plaintiff had bound itself by contract so to do; and further contending that the plaintiff had exacted an unreasonable price, thereby justifying the defendant in purchasing from others.

The first and conclusive answer to the contention is that without some obligation on the part of the defendant there was, and could be, no contract at all. Mutuality is one of the essential elements of a contract. The right of the defendant to buy only in the event it should choose to do so manifestly imposed no obligation on it to do so.

[2] Secondly, the record does not support the contention of counsel for the plaintiff in error that the Corn Company obligated itself to fix a "reasonable price" for the glucose it offered for sale.

The first circular letter addressed to the defendant by the plaintiff is as follows:

"Corn Products Refining Company, 26 Broadway,
"New York, November 28, 1906.

"Long Syrup & Ref. Co., San Francisco, Cal.

"Gentlemen: This company recognizing the fact that its own prosperity, in a great measure, is interwoven with the goodwill and co-operation of its patrons, has decided to adopt a liberal plan of profit-sharing with you in case you shall in the future continue to give us your exclusive patronage.

"This company inaugurates such a policy of profit-sharing, by announcing that it will set aside out of profits from the manufacture and sale of glucose and grape sugar for the last six months of 1906, an amount equal to ten cents per hundred pounds on all shipments of glucose and grape sugar (Warner's Anhydro & Bread Sugar Excepted) which shall have been made by this company from July 1st to December 31st, 1906.

"This amount will be paid to you or your successors on December 31st, 1907, on condition that, for the remainder of the year 1906 and the entire year 1907, you or your successors shall have purchased exclusively from this company or its successors all the glucose and grape sugar required for use in your establishment.

"With the assurance of the steadfast co-operation of its customers, given in reciprocation for the benefits conferred upon· them, this company confidently anticipates a continuance of such profit-sharing distribution annually to the full extent that its earnings may warrant.

"Yours very truly,          Corn Products Refining Company.
          "E. B. Walden, General Manager of Sales."

Similar letters addressed to and received by the defendant are as follows:

"Corn Products Refining Company, 26 Broadway,
          "New York, December 23, 1907.
          "Sales Department.

"Gentlemen: The plan of profit-sharing adopted by this company in November, 1906, having met with the hearty approval of our customers, we take pleasure in announcing its continuance for the year 1907.

"The amount to be paid you will be based upon the shipments of glucose and grape sugar (No. 70 Climax and Chicago anhydrous sugar) which shall have been made to you by this company during the year 1907, and will be paid on December 31st, 1908, on condition that you or your successors shall have purchased exclusively from this company or its successors, either for resale or for use in your establishment all the glucose and grape sugar required by you during the year 1908.

"The amount thus to be paid will be announced to you as soon after January 1st as the business for the year has been closed and the profits ascertained.

"Yours very truly,          Corn Products Refining Co."

"Corn Products Refining Company, 26 Broadway,
          "New York, January 23, 1908.
          "Sales Department.
          "Profit Sharing for 1907

"Gentlemen: Referring to our letter on this subject of December 23, 1907, and confirming same, we now take pleasure in informing you that we will pay to you on December 31st, 1908, fifteen cents per hundred lbs. of the total amount of glucose and grape sugar (70, Climax and Chicago anhydrous) which we have shipped to you during the year 1907, upon condition that you or your successors shall purchase exclusively from this company or its successors all of the glucose and grape sugar handled by you during the year 1908, and shall have paid in full all invoices covering the same.

"You will observe that this profit sharing cannot be anticipated by deducting from our invoices, but is only payable by this company's checks after those invoices are settled in full.

"Will you please send us at your earliest convenience a full detailed statement showing date of invoice, our order number, number of packages and number of net pounds covering all shipments made to you during 1907. We ask that you give this request your immediate attention, as later you may have difficulty in compiling this data.

"Yours very truly,          Corn Products Refining Company."

Conceding that, if this were all that passed between the parties in respect to the matter, the plaintiff's offer might be held to imply the condition that the glucose would be sold by the plaintiff "at a reasonable price," the subsequent letters which passed between them expressly negative any such implication. Those letters are as follows:

"San Francisco, December 6, 1906.
"The Corn Products Refining Co., New York City, N. Y.

"Dear Sirs: Your letter of November 28th received. We have gone over your letter carefully and note your propositions.

"As we understand them you are to allow us 10¢ per hundred rebate

on all glucose bought from you since July 1st, 1906, to December 31st, 1906. This amount to be paid to us on December 31st, 1907, and a further rebate of 10¢ per hundred on all glucose we buy from your firm or their successors from January 1st, 1907, to December 31st, 1907, providing as you say that we buy all our glucose from your firm or their successors during the time mentioned in this letter.

"In answer, we are willing to do this providing you sell us at as low a figure as any one else and will guarantee to protect us on prices should any firm start up in opposition to your firm or their successors and put the price lower than the price of your firm. You then in this case, if the price was lower, should either allow us to buy from them or you meet their price and still give us the 10¢ per hundred rebate on all that we buy from you during the time stated.

"We also in this case agree to give you the preference providing the prices are the same and under the same conditions. If this meets with your approval please write to us and then we will write you a further letter confirming contract, or, as you see fit to make it.

"Yours truly,            Long Syrup Refining Co., per J. M. Long."

"Corn Products Refining Company, 26 Broadway,
                    "New York, December 22, 1906.
"Sales Department, Room 400.
"Long Syrup & Refining Co., San Francisco, Calif.

"Gentlemen: Replying to your favor of December 6th, beg to say that our profit-sharing proposition contemplates purely a voluntary act on the part of a buyer. If we receive the exclusive patronage of that buyer during the year 1907 he then will be entitled on such deliveries as he may have received from us from July 1st to December 31st, 1906, ten cents per hundred pounds on glucose and grape sugar. It makes no condition relative to competitive prices or otherwise. It is a question for each buyer to figure whether or not it is to his interest to join in the plan and this, of course, can only be figured, taking into consideration conditions competitively or otherwise which may exist from time to time during the ensuing year. It makes no stipulation, preference or otherwise, nor do we enter into any written contract for the supply of our materials for this period.

"At the end of 1907 when this dividend of ten cents per hundred pounds is to be paid we will simply ask that you and our other patrons sign a warranty which will show conclusively that you are entitled to it by having given to us an exclusive patronage during that period.

"Respectfully yours,         Corn Products Refining Company,
                    "E. B. Walden, General Manager of Sales."

In the last letter quoted the defendant in error, in answer to the letter of the plaintiff in error of date December 6, 1906, expressly informed the Syrup Company that the Corn Company's "profit-sharing proposition contemplates purely a voluntary act on the part of the buyer," and that it (the Corn Company) "makes no condition relative to competitive prices or otherwise. It is a question for each buyer to figure whether or not it is to his interest to join in the plan, and this, of course, can only be figured, taking into consideration conditions competitively or otherwise which may exist from time to time during the ensuing year. It makes no stipulation, preference, or otherwise, nor do we enter into any written contract for the supply of our materials for this period."

In view of these letters, we are of the opinion that the Corn Company cannot be properly held to have bound itself in respect to prices at which it would sell glucose to the Syrup Company.

The judgment is affirmed.